FOLEY–WADSWORTH IMPLEMENT CO. v. PORTEOUS.

1. It is only when the action is brought on a claim not due that the plaintiff is entitled to an attachment, on the ground that his debtor is about to

remove his property with the intent "of hindering and delaying" him in the collection of his debt.  Comp. Laws, Sec. 5014.

2.  When the attachment affidavit shows the plaintiff's claim to be past due, and alleges that the defendant "has sold, conveyed and disposed of his property with a fraudulent intent to cheat and defraud his creditors," which allegation is denied by defendant, and, on the hearing of defendant's motion to discharge, is not supported by plaintiff's evidence, the attachment will not be sustained, because the defendant has not properly denied the allegation "that defendant is about to remove his property with intent and to the effect of hindering and delaying plaintiffs in the collection of their debts."

(Syllabus by the Court.  Opinion Filed Dec. 16, 1895.)

Appeal from circuit court, Minnehaha county.  Hon. JOSEPH W. JONES, Judge.

Action by attachment.  From an order discharging an attachment, plaintiff appeals.  Affirmed.

The facts are stated in the opinion.

*Joe Kirby*, for appellant.

A denial in the conjunctive is never sufficient as a traverse. Noyes v. Lane, 45 N. W. 328, 2 S. D. 55.  As a defendant's rights are adequately protected by a bond, the court should favor a continuancy, and not the dissolution of an attachment. Hicks v. Compton, 18 Cal. 210; Hunt v. Steese, 17 Pac. 920; High on Injunctions, § 1508.

*A. Frizzell*, for respondent.

The burden of proving the allegations in the moving affidavit is on party producing them, and he must do so by a preponderance of evidence.  Dolan v. Armstrong, 53 N. W. 132; Jones v. Swank, *Id.* 634; Wilcox v. Smith, 55 N. W. 1107; Wyman v. Wilmarth, 46 N. W. 190; Grimes v. Farrington, 26 N. W. 618.  To maintain attachment on the ground of disposing of property with the intent to defraud, the intent to defraud must be found to exist as a fact.  Iowa First v. Steel, 45 N. W. 579; Howell v. Muskegan, 50 N. W. 306.

KELLAM, J.    This is an appeal from an order discharging an attachment.  The attachment was issued on an affidavit alleging that defendant "has sold, conveyed and disposed of his

property with a fraudulent intent to cheat and defraud his
creditors, and to hinder and delay them in the collection of
their debts, and that debtor is about to remove his property
with intent and to the effect of hindering and delaying plaintiffs
in the collection of their debts, and that said debts were in-
curred for property obtained under false pretenses." Although
defendant claims otherwise, we think the affidavit of the de-
fendant, upon which the motion to discharge was made, suffici-
ently met and put in issue every allegation of the attachment
affidavit. It is true that, as to the allegation that he "is about
to remove his property with the intent and to the effect of hin-
dering and delaying plaintiffs in the collection of their debts,"
his denial is of any intent of "hindering and delaying." It
would, doubtless, have been better to use even these words dis-
junctively, but they are nearly synonymous. They are given
as synonyms in Webster's dictionary. There is not the same
cogent reason for requiring these words to be used alternatively
as in the case of either or both of them in connection with the
word "defraud" for the intent to hinder and delay is distinctly
other and different from the intent to defraud. There may be
an intent to do the former without any intent to do the latter.
Crow v. Beardsley, 68 Mo. 439. We do not mean to be under-
stood as announcing as a rule that this alone ought always, or
even generally, to be held as a sufficient traverse, for we should
rest our decision of this case in respect to this charge, as the
trial court probably did, not alone upon this particular denial,
but upon all the evidence upon which the motion to discharge
was heard. In addition to the affidavits, the defendant was ex-
amined and cross-examined; and his evidence, with other oral
testimony, is brought to us by bill of exceptions; and it all im-
presses us that the trial court was right in holding that the
plaintiff was not entitled to an attachment upon the facts
shown.

There is another view of this case which seems entitled to
notice. Plaintiff's affidavits, upon which the attachment was

issued, alleged the debt for which the action was brought to be due. In such case the removal of property with the "intent of hindering and delaying" creditors is not made a statutory ground for attachment. Comp. Laws, Sec. 4995. It is only when the action is brought on a claim not due that the plaintiff may have an attachment on the ground that his debtor is about to remove his property with the intent of hindering and delaying him in the collection of his debt. Comp. Laws, Sec. 5014. If, then, the allegation already discussed was not ground for attachment in this case, failure to properly deny it was not material. The order of the circuit court discharging the attachment is affirmed.