FINCH *et al.* v. ARMSTRONG.

1. An affidavit for discharge of an attachment issued on an affidavit stating that defendant "is" about to dispose of his property to defraud creditors denying that defendant "is" about to so dispose of his property, is sufficient, as the affidavit relates retrospectively to the time when the suit was instituted or the affidavit for attachment made.

2. Comp. Laws, Sec. 4995, Subd. 3, authorizing the issuance of an attach-
ment where the "debt" was incurred for property obtained under false
pretenses, and Sec. 5014, Subd. 2, providing that a creditor may bring
an action on a claim, and have an attachment against the property of
the debtor, when the debt was incurred for property obtained under
false pretenses, authorize the issuance of an attachment in an action
on a matured or immatured debt incurred for property obtained under
false pretenses.

3. Laws 1895, Chap. 67, authorizes the issuance of an attachment against a
foreign corporation which has not complied with the requirements of
Chapter 47, as to the appointment of state agents on whom service of
process may be made, or against a non-resident defendant, or against a
defendant who has absconded, etc., but does not mention the subject of
attachments for debts incurred by false pretenses, and repeals all in-
consistent acts.    *Held,* that Comp. Laws, Sec. 4995, Subd. 3, and Sec.
5014, Subd. 2, authorizing the issuance of attachments on a matured
or immatured debt incurred by false pretenses, were not repealed.
HANEY, J., dissenting as to matured debts.

(Opinion filed Oct 17, 1896.)

Appeal from circuit court, Brookings county.   Hon. J. O.
ANDREWS, Judge.

Action upon an account not yet due.   From an order dis-
solving attachments, plaintiffs appeal.   Reversed.

The facts are stated in the opinion.

*Morphy, Ewing, Gilbert & Ewing, A. S. Mitchell, Charles S.
Whiting* and *P. C. Truman,* for appellants.

The supreme court of this state has held that what might
be grounds for attachment on a debt due, would not be on a
debt not due, and, presumably, the converse is true.   Deering
& Co. v. Warren, 1 S. D. 46.   See, also, Foley-Wadsworth Co.
v. Porteous, 8 S. D. 74, 65 N. W. 429; §§ 4993 and 5014, Comp.
Laws.   If, at the time the mortgage was given, there was an
understanding between the parties that it should not be re-
corded, and the mortgagor was to remain in possession of the
stock and sell and dispose of it as his own, then there can be
no doubt that the mortgage was a fraudulent transfer authoriz-
ing attachment.   Greeley v. Winsor, 1 S. D. 117; Lane v. Starr,
Id. 107; Bump on Fraud. Conv. 123; Waples on Attach. and

Garn. (2d Ed.) § 67. Even though there was no such agreement, if the mortgage was actually not recorded and the mortgagor remained in possession and was permitted by the mortgagee to sell and dispose of the property for his own benefit, the result and effect on creditors is exactly the same as if an express agreement existed, and an attachment is authorized. Ryan Drug Co. v. Hyambsahl, 89 Wis. 61; S. C. 61 N. W. 299. Even if the mortgage had been recorded, the fact that the mortgagor was allowed by the mortgagee and with the mortgagee's knowledge and consent to remain in possession of the mortgaged property and treat it as his own, would make the mortgage a fraudulent disposition of the property that would justify an attachment. Greeley v. Winsor, *supra*; Bump on Fraud. Conv. 127; Putnam v. Osgood, 52 N. H. 148. See, also, Tolerton-Stetson Co. v. Casperson, 7 S. D. 206, 63 N. W. 908; Hornick Drug Co. v. Lane, 1 S. D. 129; Walker v. Welch, 13 Ill. 674.

*Chas. A. Savage* and *Cheever & Hall,* for respondent.

It is not sufficient to show that the effect of the conveyance was to hinder or delay creditors, but the fraudulent intent must exist. Drake on Attach. § 74; Spencer v. Dougle, 34 Mo. 455; Tenny v. Diss, 48 N. W. 877; McPike v. Atwell, 8 Pac. 118; Milliken v. Dart, 26 Hun. 24; Ferrier v. Glass Co., 34 How. 436; Loeschigk v. Bridge, 42 Barb. 171; Scott v. Simmons, 34 How. 66; Rice v. Jarenson, 11 N. W. 549; Miller v. McNair, 27 N. W. 333. The failure to file a chattel mortgage is not alone a badge of fraud. B. H. Merc. Co. v. Gardner, 5 S. D. 246, 58 N. W. 547, See, also, Mull v. Dooley, 56 N. W. 513; *In re* Lemert, 59 N. W. 207; Haas v. Sternback, 41 N. E. 51; Weare Com. Co. v. Druley, 41 N. E. 48. The mortgage could not be a fraud as to plaintiffs, because as to them it was void. Lane v. Starr, 1 S. D. 107; 1 Cobbey on Chat. Mortg., §§ 142 and 144; § 4658 Comp. Laws; Bank v. North, 2 S. D. 480, 51 N. W. 99; B. H. Merc. Co. v. Gardner, *supra*; Noyes v. Brace, 8 S. D. 190, 65 N. W. 1071; § 4379, Comp. Laws; Lord v. Wirt, 56 N. W. 7,

Some ground provided in § 5014, Comp. Laws, must be alleged in the complaint in an action upon a debt not due, or it is demurrable.    Jordan v. Frank, 46 N. W. (N. D.) 171; Wearne v. France, 21 Pac. 703; Cox v. Dawson, 26 Pac. 973.

FULLER, J.    Plaintiffs brought an action against the defendant upon an account for merchandise not yet due, and seized a large amount of property, both real and personal, under an attachment based upon an affidavit dated October 28, 1895, which recites "* * * that the said debt was incurred for property obtained under false pretenses, and that the defendant has sold, conveyed, and otherwise disposed of his property with the fraudulent intent to cheat and defraud his creditors, and to hinder and delay them in the collection of their debts; that said defendant is about to make sale, conveyance, and disposition of his property with the fraudulent intent to cheat and defraud his creditors, and to hinder and delay them in the collection of their debts.    * * *    Simultaneously an attachment based upon a similar affidavit was issued in aid of an action between the same parties upon a past-due claim, and, as the cases are in all respects otherwise identical, and before us on an appeal from an order dissolving both attachments, we will, for convenience, discuss and construe in this opinion the law of both cases.    Denying the truthfulness of the foregoing averments of fact, and alleging that the affidavit is insufficient in law to warrant the issuance of an attachment for the reason that the incurring of a debt for property obtained under false pretenses is not a ground for attachment, the defendant, on the following affidavit, dated November 15, 1895, moved to vacate and discharge the same; * * *    Affiant denies that any debt to plaintiffs was incurred for property obtained under false pretenses of any kind or description, or that he has assigned, disposed of, or secreted his property with intent to defraud his creditors, or at all, and denies that he is about to assign, dispose of, or secrete his property, or any part thereof, with the

intent to defraud his creditors, or at all, or with any intent to hinder or delay them in the collection of their debts, or that he is about to make a sale, conveyance, or disposition of his property with a fraudulent intent to cheat or defraud his creditors; and alleges that each and all the statements to that effect made in said affidavit for attachment are false and untrue. * * *"

Appellants's objection to a consideration of respondent's affidavit made in support of his motion because it fails to deny that he was "about to make sale, conveyance, and disposition of his property with the intent to cheat and defraud his creditors, and to hinder and delay them in the collection of their debts," at the time of the making of the affidavit for an attachment, was properly overruled. While, as a fundamental principle of law, the statutory ground must actually exist, and be stated in an affidavit, in order to warrant the issuance of and sustain an attachment, a motion to discharge the same, supported by an affidavit which specifically and unequivocally denies the existence of such ground, though stated in the present tense, relates retrospectively, like the answer to a complaint in an action, to the time when the suit was instituted or the affidavit for an attachment was made, and is likewise adequate to impose upon the attaching creditor the burden of proving the issue thus raised. Having all the essential features of a good pleading under the code system, we are satisfied that respondent's affidavit is entirely sufficient. 1 Wade, Attachm. 279. Subdivision 3 of Section 4995 of the Compiled Laws authorizes the issuance of an attachment upon an affidavit stating "that the debt was incurred for property obtained under false pretenses," and Subd. 2 of Sec. 5014 provides that "a creditor may bring an action on a claim before it is due and have attachment against the property of the debtor when the debt was incurred for property obtained under false pretenses." Upon the theory that the foregoing provisions no longer exist as a ground for an attachment because the same were repealed by Chap. 67, Laws 1895, the trial court excluded all evidence

tending to show that the debt was incurred for property obtained under false pretenses, and this ruling is assigned and urge'd as reversible error by counsel for appellants, while respondent's counsel maintain the correctness thereof, and moreover, contend that the incurring of the debt for property obtained under false pretenses never existed, under the statute of this state, as a ground for attachment.    The affidavit for an attachment is the jurisdictional paper, and, when mandatory legislative requirements as to what that affidavit must contain have been stated therein in the language of the statute, a creditor may have the property of his debtor attached, and is expressly given the right to oppose a motion to discharge by the submission of affidavits or other proof tending to establish the truth of the allegations therein contained.    Comp. Laws, §§ 4995, 5011.    In William Deering & Co. v. Warren, 1 S. D. 35, 44 N. W. 1068, this court construed the statute as above indicated and expressly held that "attachment will lie upon a debt not due, provided the affidavit contains all the necessary averments required by statute for a debt not due;" and when an action, like the present, upon contract for the recovery of money only, was brought upon an unmatured debt incurred for property obtained under false pretenses, the plaintiff could have the property of the defendant attached under Sec. 5014, *supra.* Implement Co. v. Porteous (S. D.) 65 N. W. 429; Wyman v. Wilmarth, 1 S. D. 172, 46 N. W. 190.

As the vital question here presented was neither raised below nor relied upon in this court, a construction of the law now under consideration was not absolutely essential to a decision of the cases above cited.    We will proceed to further consider our system of attachment law as it was prior to the amendment of 1895, before examining that enactment, for the purpose of ascertaining by the application of standard rules of statutory construction its effect upon previously existing statutory provisions in *pari materia.*    Indemnity against pecuniary loss occasioned by the dishonest acts or omissions of those to whom

credit has been extended, appears to be the principal, though not exclusive, aim and purpose of the remedy which attachment affords, and to thereby promote more effectually the ends of justice a number of state legislatures have made the fraudulent contracting of the debt sued upon a ground for an attachment. Obviously, the purpose of all such statutes is to reach and operate upon debtors who intentionally incurred the debt to recover which the action is brought by obtaining property under false pretenses. In legal acceptation, the word "debt" signifies "a liquidated demand; a sum of money due by certain and express agreement; a sum of money due by contract." And. Law Dict. It will therefore be seen that the action in aid of which the attachment herein issued was one arising upon contract for the recovery of money only, strictly within the purview of Sec. 4993 of the Compiled Laws; and to us it seems clear that the legislature, by the enactment of 1881, expressly authorizing, in aid of an action commenced either before or after the maturity of a debt, a warrant of attachment to issue upon an affidavit stating "that the debt was incurred for property obtained under false pretenses," thereby intended to create an additional ground for attachment, and provide for the commencement of a suit before the fraudulently contracted debt has matured, according to the agreement of the parties. Statutes relating to the same subject, though passed at different dates, should be harmonized, if possible, and construed together, as though they constituted but a single provision or enactment; and if not susceptible of such construction, the evident intent of the latter must be construed with reference to its influence upon the former, and both, so far as reconcilable, be made to stand and operate together. Suth. St. Const. par. 283. While the act of 1881, amending Secs. 4995 and 5014, has reference to subject-matter expressed in Sec. 4993, and might very properly have been a part of that section by the way of amendment, the evident intention of the legislature was to create an additional ground for attachment, and moreover, provide per-

sons who have been duped and defrauded with a speedy and effectual remedy against those who have incurred debts for property obtained under false pretenses, by authorizing the commencement of the action, aided by attachment, before the maturity of such debts. This, in our opinion, is the only view that can be judiciously taken by which any force or effect can be given to the entire amendment, when considered with reference to the system of which it was designed to form a part. Measured by the foregoing rule, we conclude, therefore, that the attachment law of this state, as amended by Chap. 32 of the Laws of 1881, authorized an attachment in aid of an action arising upon contract for the recovery of money only when the debt sued on, either before or after maturity, was incurred for property obtained under false pretenses.

By the enactment of Chapter 47 of the Laws of 1895, the legislature undertook to expressly prohibit nonresident corporations from transacting in this state any business, acquiring or disposing of any property, instituting or maintaining any action at law or otherwise "until such corporations shall have filed in the office of the secretary of state a duly authenticated copy of its charter or articles of incorporation," and appointed in the manner provided therein, a resident agent upon whom service of legal process may be had. Any violation of this amendatory statute is declared to be a misdemeanor, punishable by fine or imprisonment, and justices of the peace are given jurisdiction concurrent with that of the circuit court. Presumptively with the foregoing provision in view, and with the knowledge that Sec, 4993 of the Comp. Laws authorized an attachment against a nonresident corporation, without reference to the appointment of an agent or the filing of articles of incorporation, and for the purpose of extending the scope of our law of attachment, and granting some immunity to nonresident corporations, the same legislative assembly amended said Sec. 4993 so as to read as follows, viz: "In all actions against a corporation, created by or under the laws of any other territory

state, government or country, which has not complied with the laws of this state relative to the appointment of agents upon whom the service of process may be made, or against a defendant who is not a resident of this state, or against a defendant who has absconded or concealed himself, or whenever any person or corporation is about to remove any of his or its property from this state or has assigned, disposed of, secreted or is about to assign, dispose of or secrete any of his or its property with intent to defraud creditors, as hereinafter mentioned, the plaintiff at the time of issuing the summons, or at any time afterwards, may have the property of such defendant or corporation attached, in the manner hereinafter prescribed, as a security for the satisfaction of such judgment as the plaintiff may recover, and for purposes of this section an action shall be deemed commenced when the summons is issued.   *  *  *   All acts or parts of acts in conflict herewith are hereby repealed.' Laws 1895, Chap. 67.   Conceding that the foregoing enactment operates to repeal all of Sec. 4993 not embraced therein, as well as all acts or parts of acts in conflict therewith, there is nothing repugnant thereto in subdivision 3 of Sec. 4995, or in that portion of Sec. 5014 authorizing a creditor to bring an action on a claim before it is due, and have an attachment when the debt was incurred for property obtained under false pretenses.   Repeals by implication are not favored, and "where there is no express repeal none is deemed to be intended, unless there is such an·inconsistency as precludes this assumption.   Then it yields only to the extent of the conflict." Suth. St. Const. par. 287.   At page 170 of the same excellent work the author wisely observes that:   ''The constitutional provision requiring amendments to be made by setting out the whole section as amended was not intended to make any different rule as to the effect of such amendments.   So far as the section is changed it must receive a new operation, but so far as it is not changed it would be dangerous to hold that the mere nominal re-enactment should have the effect of disturbing the whole body of statutes

in *pari menteria* which had been passed since the first enactment. There must be something in the nature of the new legislation to show such an intent with reasonable clearness before an implied repeal can be recognized." Without placing a forced and unwarranted construction upon the act amendatory of Sec. 4993, its abrogating influence cannot be extended beyond that section to a well recognized and consistent ground for an attachment expressly enacted into sections of the statute other than that to which the amendment purports to relate. To hold that the incurring of the debt for property obtained' under false pretenses—which is the principal ground relied upon by appellants—is not a ground for attachment, and to exclude material evidence offered to establish that averment in the affidavit upon which the attachment issued, constitutes prejudicial error. The order appealed from is therefore reversed, and the case remanded to the court below for further proceedings consistent herewith.

HANEY, J. (concurring specially). It is my view that the statute distinguishes between claims due when the attachment issues and those not then due. Comp. Laws, Sec. 4993, defined the grounds in cases belonging to the former; Sec. 5014 the grounds in cases belonging to the latter. Chap. 67, Laws 1895, was intended to contain all the grounds of attachment where the debt is due, and by its terms repeals all acts in conflict therewith, but was not intended to change the grounds of attachment where the debt is not due. Since Chap. 67 took effect, I think, in cases where the debt is due, the fact that it was incurred for property obtained under false pretenses is no longer a ground of attachment, but that such fact remains as a ground of attachment where the debt is not due. In this case the debt was not due when the attachment issued. I think the court erred in not allowing evidence to be offered in support of the allegation in relation to false pretenses, and that the order appealed from should be reversed. In the other case mentioned

in the majority opinion the debt was due. The finding of the trial court in favor of defendant upon the issue of fraudulent intent should be sustained. (Park v. Armstrong [S. D.] 68 N. W. 739), and the order appealed from therein should be affirmed.