## ASK v. ARMSTRONG.

1. Where the original affidavit for an attachment is sufficient, permitting an amendment, if erroneous is without prejudice.

2. Neither Comp. Laws, Sec. 4995, Subd. 3, authorizing an attachment in an action to recover a debt incurred for property obtained under false pretenses, nor Sec. 5014, Subd. 2, which gives the right of attachment on such a debt before maturity, are repealed by Laws 1895, Chap. 67, amendatory of Comp. Laws, Sec. 4993, enumerating other grounds of attachment. Finch v. Armstrong (S. D.) 68 N. W. 740, followed.

(Opinion filed Oct. 17, 1896.)

Appeal from circuit court, Brookings county. Hon. J. O. ANDREWS, Judge.

Action by James W. Ask against John Armstrong. Plaintiff appeals from an order discharging an attachment. Reversed.

The facts are stated in the opinion.

*P. C. Truman* and *Chas. S. Whiting*, for appellant.

The amendment was proper and allowable. Comp. Laws, §§ 4938 and 4939; Brookmire v. Rosa, 51 N. W. 840; Banking Co. v. Wright, 55 N. W. 1060; Moline M. & S. Co. v. Curtis, 57 N. W. 161. The original affidavit was sufficient and unobjectionable. Hart v. Barnes, 40 N. W. 322; Gans v. Beasley (N. D.) 59 N. W. 714.

*C. A. Savage* and *Cheever & Hall*, for respondent.

HANEY, J. This is an appeal from an order discharging an attachment. On the hearing of defendant's motion to dis-

charge, plaintiff was allowed to file the following amended affi-
davit: "James W. Ask came before me personally, and being
first duly sworn, says: That he is the James W. Ask who is
the plaintiff in the above entitled action, which is brought for the
recovery of money only, arising upon contract, and a summons
has been issued therein. That a cause of action exists against
said defendant and in favor of said plaintiff therein, and the
amount of said plaintiff's claim therein is (over and above all
discounts and set-offs) eight hundred and thirty-one dollars,
now due, and the further sum of fifteen hundred and ninety-
eight and 80-100 dollars, not yet due; and the ground thereof is
as follows, that is to say: Seven promissory notes for the sum
of three hundred dollars each, and one note for the sum of two
hundred and thirty dollars; all dated December 24th, 1894,
drawing interest at the rate of eight per cent. per annum, and
due, respectively, in three, six, nine, twelve, fifteen, eighteen
twenty-one and twenty-four months from their date; all signed,
made and executed by the defendant, John Armstrong, and by
him delivered to the plaintiff, James W. Ask, for value received.
*All said notes being now the property of the plaintiff, James W. Ask,
who is the payee named thereon.* And that the defendant ob-
tained the property for which he gave those notes, and of
which those notes represent the purchase price, under false
pretenses, and the debt which those notes represent was in-
curred for property obtained under false pretenses. Further,
that the defendant has assigned, disposed of and removed part
of his property with intent to defraud his creditors, and is
about to assign, dispose of and remove part or all of his prop-
erty, with the intent and to the effect of defrauding his credit-
ors, and of delaying them in the collection of their debts. And
said affiant deposes and says that plaintiff is in danger of losing
his said. claim by reason of the facts aforesaid, unless a warrant
of attachment issue; and prays that such warrant of attach-
ment may be allowed and issued against the property of said
defendant therein, according to the statute in such case pro-

vided; and said affiant says that no previous application has been made herein for such order. *This, being an amended affidavit, is made of the date of October 28th, 1895, and refers to facts as they then existed.*" ' The words printed in italics were not in the original; otherwise the affidavits were identical.

To what extent, if any, an affidavit for attachment may be amended need not be discussed, as we consider the original contained a sufficient statement of plaintiff's cause of action and the grounds thereof. The amendment being superfluous, the order permitting the amendment, if error, was error without prejudice. Gans v. Beasley (N. D.) 59 N. W. 714.

Defendant objected to the introduction of any evidence tending to show that the debt upon which the attachment is based was incurred for property obtained under false pretenses for the reason that such fact does not constitute a ground for attachment. The objection was sustained. In this the court erred. Finch v. Armstrong (S. D.) 68 N. W. 740. The order appealed from is reversed.