## GERMAM BANK V. FOLDS *et al.*

1. A general assignment for the benefit of creditors, whether valid or not, is not ground for attachment against the assignor, unless it is executed with a specific intent to defraud.

2. Where plaintiff alleges as ground for attachment that defendants have assigned, disposed of, and secreted, or are about to assign, dispose of,. and secrete, their property, with intent to defraud creditors, and that the debt was incurred for property obtained under false pretenses, the burden is on plaintiff to show the existence of an intent to defraud, or the elements constituting false pretenses.

(Opinion filed Oct. 28, 1896.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Attachment. From an order dissolving the warrant, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby,* for appellant.

*John E. Carland,* for respondents.

The traversing affidavits of respondents placed the burden of proof on appellant, and as it produced no evidence to sustain the allegation, the attachment was rightly dissolved. Wyman v. Wilmarth, 1 S. D. 172; 46 N. W. 190; Wilcox v. Smith, 4 S. D. 125; 55 N. W. 1105.

HANEY, J. Plaintiff appeals from an order discharging an attachment issued in an action upon a past-due debt. It was based upon an affidavit stating the following grounds: That the defendants have assigned, disposed of, and secreted, or are about to assign, dispose of, and secrete, their property, with the intent to defraud their creditors; and that the debt was incurred for property obtained under false pretenses; and, further, are about to remove their property with the intent and to the effect of cheating and defrauding their creditors, and hindering and delaying them in the collection of their debts—all of which applies to plaintiff's claim." The traversing affidavit

was as follows: "That the language and facts therein stated [referring to plaintiff's affidavit for attachment] are false and untrue, and known to be so by said Schaetzel [the person making it]; that these affiants have not, individually or jointly, assigned, disposed of, or secreted any of their property whatever; have not been, and are not now, about to assign, dispose of, or secrete their property, with intent to defraud their creditors; and these deponents have not at any time obtained the property of the plaintiff under false pretenses; and that deponents have never, and are not, about to remove any of their property from the county of Minnehaha or state of South Dakota, with the intent or to the effect of cheating or defrauding their creditors, or for any other purpose; nor are they about to remove or dispose of any of their property for the purpose of hindering and delaying their creditors in the collection of their debts or for any other purpose; and that said affidavit of said William Schaetzel, so far as herein specified, is absolutely false and untrue." As it is shown by plaintiff's affidavit that its claims were all due when the attachment issued, the allegation beginning "and are about to remove their property with the intent," etc., requires no denial, as it is only applicable to a debt not due. Comp. Laws, § 5014, Subsec. 4. It fails to state any ground of attachment provided for in cases where the debt is past due. Comp. Laws, § 4993, as amended by Chap. 67, Laws 1895. A majority of this court have held that, notwithstanding Chap. 67, Laws 1895, it is a ground for attachment that the debt was incurred for property obtained under false pretenses. Finch v. Armstrong (S. D.) 68 N. W. 740. Then the alleged grounds of attachment requiring attention are that defendants have assigned, disposed of, and secreted, or are about to assign, dispose of, and secrete, their property, with intent to defraud creditors, and that the debt was incurred for property obtained under false pretenses. Each of these grounds involves questions of fact. The traversing affidavit is sufficient to put in issue each of these alleged facts. Finch v. Armstrong,

*supra.*   The plaintiff was required to show by a fair preponder·ance of the evidence the existence of an intent to defraud, or all the elements constituting false pretenses.   Whether or not the general assignment for the benefit of creditors was in all respects regular and valid need not be considered.   It was not a ground for attachment, unless executed with the specific intent to defraud.   Trebilcock v. Mining Co. (S. D.) 68 N. W. 330; Bank v. McMillan, Id. 537; Park v. Armstrong, Id. 739. The trial court, in discharging the attachment, decided the plaintiff had failed to sustain these material allegations of fact, and we are unable, after a careful examination of the entire record before us, to conclude that it erred in this respect.   It would serve no useful purpose to reproduce the evidence. Much of it is hearsay and conclusions of witnesses, rather than recitals of known facts.   The order appealed from is affirmed.