## GERMAN BANK v. FOLDS *et al.*

An attachment on the ground of a disposition of property by the debtor with intent to defraud creditors can only be sustained by proof of an actual intent to defraud; and while an assignment previously made is admissible in evidence on a motion to discharge the attachment, the validity of such assignment is not involved on such hearing. Whether valid or invalid, it can only be considered as bearing on the question of actual intent.

(Opinion filed Jan. 4, 1897.)

This case was affirmed at the present term, the opinion being reported in 9 S. D. 295, 68 N. W. 747. Appellant now petitions for a rehearing. Denied.

*Joe Kirby,* for appellant.

*John E. Carland,* for respondents.

CORSON, P. J. This case comes before us on a petition for a rehearing. The case was decided at the present term of court, and is reported in 9 S. D. 295, 68 N. W. 747. The appellant contends, in his petition, that the court committed an error in stating, in its opinion, that the attachment was issued upon a claim past due. On a re-examination of the affidavit upon which the attachment was issued, as set out in appellant's abstract, we find no intimation that the entire claim was not due. In appellant's brief there is a statement that $300 of the claim had not matured when the attachment issued, but no such averment is found in the affidavit. Hence this court very properly assumed the statement in the abstract to be correct.

It is also contended that this court has failed to pass upon the validity of the assignment from the defendants to A. H. Stites. The court very properly declined to pass upon its validity, for the reason that that question was not in issue on the motion to discharge the attachment. The only question that could have properly been considered by the court below on that motion, or by this court on appeal, was whether or not the transfer by the defendants of their property was made with the actual intent to defraud their creditors. The validity or invalidity of the assignment can only be determined in a proper action to which the assignee is a party. The assignment was properly introduced in evidence to prove the transfer and an assignment might contain provisions tending to prove the actual intent of the defendants to defraud; but the mere fact that an assignment is invalid as an assignment, if such was the fact, would not, of itself, prove such intent, and might not afford the slightest evidence of such an actual intent. In the case of McPike v. Atwell, 34 Kan. 142, 8 Pac. 118, in which it was claimed that a general assignment was invalid, and therefore constituted a ground for sustaining the attachment, the supreme court of Kansas says: "It is claimed to be fraudulent and void by reason of defective execution, and because it contains provisions not in accordance with the statute relating to assignments. It should be remembered, however, that the validity of the assignment was not the question before the court; but it was, rather, whether such assignment was executed in bad faith. To sustain the charge made, and uphold the attachment, there must have been an actual personal intent to defraud, hinder or delay the creditors of the assignor. The assignment may be informal, and may contain provisions which are not in compliance with the statute, and which would render it invalid; but, if it was made in good faith, and without any actual intent to defraud, hinder, or delay creditors, it is not alone sufficient to sustain the attachment. Of course, an assignment might contain provisions which would be so clearly

inconsistent with honesty of purpose as would upon its face
show actual moral fraud, and which would support an attach-
ment obtained on that ground; but we cannot presume fraud
from the provisions of an assignment, unless such provisions
are clearly inconsistent with honesty and fair dealing." To
the same effect is Millikin v. Dart, 26 Hun. 24. In Trebilcock
v. Mining Co., 68 N. W. 330, this court discussed a similar
question, and held that the validity or invalidity of certain
mortgages was not involved on the motion to discharge the at-
tachment. The court, therefore, very properly declined to con-
sider or pass upon the question of the validity of the assign-
ment in the case at bar. This court, in its opinion, refers to
the evidence, and holds it was conflicting, and that it was una-
ble to find that the decision of the trial court was not sustained
by the weight of evidence. Rehearing denied.