## STRAUSS *v.* ABRAHAMS.

*(Circuit Court, E. D. Missouri, E. D.* October 12, 1887.

1. ATTACHMENT—GROUNDS OF—BURDEN OF PROOF.
 The affidavit for attachment charged that the defendant had (1) fraudulently conveyed or assigned his property so as to hinder and delay his creditors; (2) fraudulently concealed, removed, or disposed of his property with the same intent; and (3) fraudulently contracted the debt sued for. *Held*, that proof of all the grounds stated in the affidavit was not necessary to entitle the plaintiff to a recovery, but that proof of one or more was sufficient.

2. SAME.
 Where the attachment is based upon a charge of fraud on the part of the debtor, the burden of proof upon that question is on the plaintiff.

3. SAME—GROUNDS OF—FRAUDULENT INTENT.
 A fraudulent intent upon the part of the debtor in attachment, whether in contracting the debt sued for, or in concealing or disposing of his effects,

need not be established by direct testimony. His conduct, actions, financial situation, and the method of dealing adopted by him on a particular occasion, may be shown, and such an intent inferred therefrom, provided that a careful examination of all the details warrants such an inference.

4. SAME.
But if the circumstances relied upon by the plaintiff to establish the fraudulent intent are just as consistent with honesty as dishonesty of purpose, no such inference arises.

5. SAME.
When a merchant buys goods on credit with a preconceived intention of getting them into his possession, and disposing of them, and of not paying for them at any time, the debt is contracted with a fraudulent intent, and attachment will lie.

6. FRAUDULENT CONVEYANCES—BY DEBTOR—INSOLVENCY.
A debtor, even though insolvent, has a right in Missouri to prefer one creditor over another; and, although such preference has the effect of preventing other creditors from collecting their debts, it is not fraudulent if made in good faith.

7. SAME.
A conveyance of property made by a debtor for the purpose, and with the intent, of hindering or delaying some of his creditors, is fraudulent so far as the debtor is concerned, and will authorize an attachment against him, even though the debtor, by means of such conveyance, pays some other creditor whom he justly owes.

8. WITNESS—CREDIBILITY.
The jury may ignore the testimony of any witness who they believe has willfully testified falsely as to any material fact in controversy.

*Nathan Frank* and *Krum & Jonas*, for plaintiffs.
*Martin, Laughlin & Kern*, for defendant.

THAYER, J., (*charging the jury.*) When the plaintiffs in this case began their suit for the purpose of obtaining a writ of attachment, they filed an affidavit wherein they charged—

"*First,* that the defendant had fraudulently conveyed or assigned his property or effects so as to hinder or delay his creditors; *second,* that the defendant had fraudulently concealed, removed, or disposed of his property or effects so as to hinder or delay his creditors; and *third,* that the debt sued for in the case was fraudulently contracted on the part of the debtor."

The defendant has filed a plea, under oath, denying all the statements contained in the affidavit, and that plea raises the issue which you are to try. In other words, your duty is to determine whether either of the charges contained in the affidavit for attachment is true, or whether all of these charges are false.

When one person charges another with having perpetrated, or with an intent to perpetrate, a fraud, the law requires the person by whom the charge is made to substantiate the same by adequate proof. It accordingly follows that the burden of proof in this case is on the plaintiffs; and unless they have proven some one or more of the grounds of attachment stated in the affidavit, by a preponderance of evidence, you must find against them, and in favor of the defendant. It is not necessary that the plaintiffs should prove all the grounds of attachment stated in the affidavit to entitle them to a verdict, but they must prove some one or more of the three grounds to warrant a verdict in their favor.

Now, with reference to the kind of proof required in this class of

cases, I will say this: When a person contemplates or undertakes to perpetrate a fraud, he does not usually publish his intentions to the world. For this reason the law does not require that a fraudulent intention shall be established by what is known as direct testimony. The law permits a jury to find or to infer from a variety of circumstances, such as the conduct, the actions, the financial situation, and the method of dealing adopted by a person on a particular occasion, whether his intentions on that occasion were fraudulent or otherwise; and in trying an issue of this nature a jury should always pay careful attention to all the details of the conduct and actions and business dealings of the person accused of the fraud, in order to arrive at a correct conclusion as to whether his motives were honest or dishonest. Now, while the law permits the jury to find that a man has acted fraudulently on the strength of circumstantial evidence alone, yet the rule is subject to this just qualification: that, if the circumstances relied upon by a plaintiff to establish a fraudulent intent are just as consistent with honesty of purpose as with dishonesty of purpose, then the jury are not warranted by such circumstances in inferring that the person in question was actuated by a fraudulent intent.

Having given you these general directions as to the nature of the issue you are to try, and as to the burden of proof, and the character of evidence by which a fraudulent intent may be established, I will now direct your attention more particularly to the various matters charged in the affidavit for attachment.

The first and second grounds of attachment together charge that the defendant fraudulently "*conveyed, assigned, concealed, removed,* or *disposed of* his property or effects," so as to hinder or delay his creditors. There is no evidence before you of any concealment or removal of property or effects by the defendant, so that you will not give that portion of the affidavit any consideration, as there is no evidence to sustain it. The only conveyance, assignment, or disposal of property proven is the conveyance made by the defendant early in October, 1886, to his brother-in-law Desberger, of the stock of goods contained in the store at No. 1245 South Broadway. Practically, therefore, under the first and second grounds of attachment, you will simply have to determine whether the defendant made that conveyance to hinder, delay, or defraud his creditors; that is to say, you must determine what his motive or purpose was in making that conveyance or bill of sale.

The defendant's position is simply this: He says that in October, 1886, he owed Desberger, his brother-in-law, about $10,875,—that sum being made up of $7,000 that he had agreed to pay Desberger for his interest in the firm, and the balance being money that his brother-in-law had loaned to him subsequent to the dissolution of the firm; that Desberger demanded payment of that debt, and that he sold him the stock in the store, 1245 South Broadway, to pay the same. Now, gentlemen, if you believe that statement of Abrahams and Desberger, if you believe that Abrahams owed Desberger the sum stated, or about that sum, and that he made an out and out sale of the stock of goods to Desberger in good faith to pay that debt, then the sale was not fraudulent, and furnished

no ground for the attachment, and you should so find by your verdict. If that sale was made, as above stated, in good faith to pay an honest debt, then the sale was not fraudulent, even though the sale of that stock in the store at 1245 South Broadway did operate to hinder or delay other creditors of the defendant in collecting their debts. In other words, gentlemen, a debtor has a right to prefer one creditor over another, even if he is insolvent; and if he does so in good faith, that is, if he pays one creditor to the exclusion of another, such preference is not a fraudulent act, no matter how it may affect his other creditors.

Now, on the other hand, if you believe from the evidence that the whole or a part of the debt claimed to be due from the defendant to Desberger, which figured as the consideration in the sale of the stock, was fictitious, and was known to be fictitious, that is, was not legally owing to Desberger at the time of the sale, then the conveyance was for that reason fraudulent, and you should so find. Or if you believe that the sale and conveyance of the stock at 1245 South Broadway was contrived by Abrahams and Desberger together, or that it was contrived by Abrahams alone, for the purpose of hindering and delaying or defrauding Abrahams' other creditors in the collection of their debts, or to put the property out of the reach of his other creditors, then the sale and conveyance was fraudulent, and you should so find, even though you may believe that at the time of the sale Abrahams was indebted to Desberger. In other words, gentlemen, a conveyance of property that is made by a debtor for the purpose, and with the intent, of hindering or delaying some of his creditors, is fraudulent, so far as the debtor is concerned, and will authorize an attachment against him, even though the debtor, by means of such conveyance, thereby pays some other creditor whom he justly owes.

From the directions which I have given you respecting the first and second grounds of attachment, it follows that the questions you will mainly have to consider and determine on this branch of the case are—*First.* Whether the debt which figured as the consideration for the sale of the stock at 1245 South Broadway was a *bona fide* debt, that is, a debt justly due and owing by the defendant to Desberger, or was in whole or in part fictitious. *Secondly.* Was the defendant's motive in making that sale and conveyance an honest motive to liquidate a just debt, or a dishonest one to put his property beyond the reach of his other creditors, thereby hindering and delaying them?

Now, the third ground of attachment is that the debt sued for was fraudulently contracted by the defendant; and this branch of the case also merits your careful attention. Speaking generally, a debt may be said to have been fraudulently contracted for two reasons: *First,* when a debtor has induced his creditor to sell him goods and extend to him credit by means of false representations as to his financial condition, or as to his means and ability of paying for the same; and, *secondly,* when a debtor has bought goods or property of any kind on credit with a preconceived intention of getting the possession of the articles bought, and disposing of them, and not paying for the same at any time.

The court is of the opinion, and so instructs you, that there is no evidence in this case that will warrant you in finding that the debt sued for was *fraudulently contracted* in the mode first above pointed out; that is to say, because of fraudulent representations made when the goods in question were bought.    There is no evidence, in my judgment, to substantiate any such charge.    But the court submits this question for your consideration as one that fairly arises under the evidence in the case, viz., whether, when defendant bought the bill of goods sued for in this case of the plaintiffs, he intended to pay for the goods.    If you believe from all the evidences and circumstances in the case that, when defendant bought the bill in question of these plaintiffs, he did not intend to pay for the goods at any time thereafter, but did intend to get the goods into his possession, and sell them, and pocket the proceeds, or sell them to Desberger, and not to pay the plaintiffs at any time, then you may find that the debt sued for was fraudulently contracted, and you may sustain the attachment on that ground; that is, on the third ground above stated. But unless the proof satisfies you that plaintiffs' bill was purchased by the defendant with the intent last stated, that is, with an intent never to pay for them, you ought to find that the third ground of attachment has not been sustained.

There is only one further direction to be given you, and it is this: In weighing the testimony of the various witnesses, you are the exclusive judges of their credibility, and of the weight to be given to their testimony; and you have the right to ignore the testimony of any witness (if there be any) who as you believe has willfully testified falsely on this trial as to any material fact in controversy.