## FIRST NAT. BANK OF STURGIS V. McMILLAN *et al.*

Under Comp. Laws, Sec. 4993, authorizing the issuance of an attachment where a debtor has disposed of his property with intent to defraud his creditors, to authorize the issuance of the attachment, the sale must have been made with actual fraudulent intent. The mere fact that the sale is fraudulent in law, the debtor acting in good faith, is insufficient.

(Opinion filed Oct. 10, 1896.)

Appeal from circuit court, Meade county. Hon. A. J. PLOWMAN, Judge.

Action upon promissory notes. From an order dissolving an attachment, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Wesley A. Stuart*, for appellant.

The assignment was void, because it did not include all the debtor's property. Burrill on Ass'g't § 94; Comp. Laws, § 4663; Juliand v. Rathbone. 39 N. Y. 369. See, also, Mackie v. Carems, 5 Cow. 547; Burrill, § 200; McClurg v. Lecky, 3 Penn. & W. 83; Wakeman v. Grover, 4 Paige 23; 11 Wend. 187. There was no delivery of possession to the assignee. Pope v. Cheney, 27 N. W. 755; Wright v. Lee, 4 S. D. 237, 55 N. W. 931. An absolute bill of sale is a fraud unless possession accompanies and follows the deed. Hamilton v. Russell, 1 Cranch 310; Warner v. Martin, 20 How. 448. A bill of sale is not indispensable; delivery of possession is. 2 Schouler on Pers. Prop. § 392. See, also, Longley v. Daley, 1 S. D. 257, 46 N. W. 247; Bell v. McMillan, 67 Cal. 285; Sharp v. Carroll, 27 N. W. 832.

*Ralph H. Kirk*, for respondent.

The bill of sale was completed, the property was delivered over, and the whole transaction concluded, before the deed of assignment was executed and delivered, thus making the two transactions as separate and distinct as though a whole year had intervened between them. Lampson v. Arnold, 19 Ia. 479; Lyon v. McIlvaine, 24 Id. 9; Van Patten v. Burr, 52 Id. 518; Bolles v. Creighton, 73 Id. 199.

FULLER, J.   Plaintiff brought an action against the defendant McMillan upon certain past due promissory notes, and, upon the ground that said defendant had assigned and disposed of his property with intent to hinder, delay and defraud creditors, an attachment was obtained, and a large amount of merchandise was seized thereunder as the property of the defendant.   Upon the hearing of the motion to vacate and discharge the attachment, supported by affidavits denying the ground specified in the affidavit upon which the same issued, and resisted by affidavits submitted by plaintiff, the court entertained the motion, and this appeal is by the plaintiff from an order dissolving the attachment.

In determining the motive which prompted the acts complained of, the trial court was, we think, justified in considering as established the following essential facts and circumstances: On the 5th day of December, 1894, the attachment debtor was, and for years prior thereto had been, engaged in the mercantile business, occupying for that purpose by permission, and apparently without a lease, a building of which he was not the owner. His financial condition which for a long time had been very embarrassing, had become such that he was at the time, as a matter of fact and of law, insolvent.   In order to reimburse the heirs of an estate in which he had formerly been personally interested, and of which he was the administrator, and relieve from liability the sureties upon his bond for money used in his business, which had long prior thereto come into his hands in the due course of administration, he sold and conveyed to said sureties, in trust for the heirs above mentioned, a specific portion of the property in question, which was thereupon taken out of the stock, and placed in a fire proof apartment of the building, the key to which was delivered to the grantees named in a bill of sale evidencing the transaction, and which was immediately filed for record in the office of the register of deeds.   The approximate cash value of the goods included in this transaction was, as nearly as could be calculated, equal to the actual

amount due from the defendant as administrator to the heirs entitled thereto, exclusive of any interest which he might have either as a co-heir or in the way of fees and commissions. Following this transaction, and upon the same day—December 5, 1894—the defendant made a general assignment for the benefit of creditors, evidenced by a deed of assignment in the usual form, purporting to convey all his property and effects, both real and personal, except statutory exemptions, to the assignee named therein, and for the benefit of all the creditors of the grantor, in strict accordance with the law of this state.

Whether the recitals of the record and the reasonable inferences arising therefrom are sufficient to prove a substantial compliance with all statutory requirements relating to sales of personal property or assignments for the benefit of creditors, and whether the delivery and change of possession was actual and continued, as required by Sec. 4657, of the Compiled Laws, are questions to be considered at this time only so far as they relate to the essential condition, to-wit, the intent on the part of the defendant to defraud creditors. In the absence of a predilection on the part of the defendant to violate a rule of right by assigning and disposing of the property in question with the intent to defraud, hinder, and delay creditors, an attachment is not authorized by the statute under which the writ issued, because there is no fraud in fact. Comp. Laws, § 4993. As fraud in law is insufficient to warrant or sustain an attachment, under a statute like ours, providing in effect, that the accomplished or contemplated act of the debtor must be with the intent to defraud, hinder or delay creditors, a sale or assignment made or attempted by a debtor acting without moral turpitude, and in the utmost good faith, cannot, though in legal effect fraudulent and void, be made the basis for an attachment. Trebilcock v. Mining Co. (S. D.) 68 N. W. 330; 1 Wade, Attachm. 96; Commission Co. v. Druley (Ill. Sup.) 41 N. E. 48; Shinn, Attachm. 167.

The view we have taken of this case, being decisive, renders unnecessary a discussion of other points presented in the

briefs of counsel, although the same have received careful consideration. Though the attachment debtor attempted to prefer certain of his creditors, the trial court was justified in concluding from all the evidence that his acts were consistent with an honest purpose, and the order of the trial court appealed from is, therefore, affirmed.