## PARK *et al.* v. ARMSTRONG.

1. An affidavit for the discharge of an attachment, issued on an affidavit alleging that defendant "is" about to dispose of his property to defraud creditors, denying that defendant "is" about to so dispose of his property is sufficient.

2. On motion to discharge an attachment issued on the ground that defendant has disposed of and is about to dispose of his property to defraud creditors, the burden is on plaintiff to show by a fair preponderance of the evidence the existence of the grounds.

3. On such a motion, evidence merely that a chattel mortgage was given by defendant before the purchase of the goods, which was not recorded until afterwards, is insufficient to show fraud.

(Opinion filed Oct. 17, 1896.)

Appeal from circuit court, Brookings county. Hon. J. O. ANDREWS, Judge.

Action by H. A. Park and another against John Armstrong. From an order discharging an attachment, plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*John C. Jenkins,* for appellants.

The traversing affidavit must deny the existence of every statutory ground for attachment alleged in the affidavit for attachment. Hornick Drug Co. v. Lane, 1 S. D. 129; McFarland v. Claypool, 128 Ill. 397; Walker v. Welch, 13 Ill. 674; 3 Ency. of Pl. & Pr. 79. The unfiled chattel mortgage was, as to appellants, a conclusively fraudulent conveyance of respondent's property within the letter and spirit of the attachment law. Noyes v. Brace, 8 S. D. 190, 65 N. W. 1071; Kimball Co. v. Kirby, 4 S. D. 152, 55 N. W. 1110; Jewett v. Sundback, 5 S. D. 111, 58 N. W. 21; Ryan Drug Co. v. Hvambsahl, (Wis.) 61 N. W. 299.

*C. A. Savage* and *Cheever & Hall,* for respondent.

It is not necessary to specifically and separately deny each allegation in an attachment affidavit, but a general denial thereof is sufficient. 3 Ency. of Pl. & Pr. 78; Armstrong v. Blodgett, 33, Wis. 284; Ross v. Fowler, 42 Miss. 293.

HANEY, J. Plaintiffs appeal from an order discharging an attachment issued upon an affidavit alleging, as grounds therefor, that "the defendant has assigned, disposed of, and secreted a large portion of his property with intent to defraud his creditors, and is about to assign, dispose of, and secrete the remainder of his property with like intent." So far as it relates to the grounds of attachment, defendant's affidavit whereon the motion to discharge was based is as follows: "Affiant denies that he has assigned, disposed of, or secreted his property, or any part thereof, with intent to defraud his creditors, nor at all; and denies that he is about to assign, dispose of, or secrete

his property with intent to defraud his creditors, or at all, and alleges that the statements to that effect made in said affidavit for attachment are wholly false and untrue; that each and every allegation contained in said affidavit for attachment, as to the grounds of attachment, are false and untrue.'' This was sufficient to put in issue each of the facts alleged as grounds of attachment, although made on a day subsequent to the issuance and levy of the attachment. Finch v. Armstrong, 9 S. D. 255, 68 N. W. 740. Whether, when the attachment issued, defendant had assigned, disposed of, or secreted any of his property, or was about to do so, with intent to defraud creditors, is a question of fact. The burden is upon plaintiffs to show by a fair preponderance of the evidence not only a disposition of property, but the existence of a specific intent to defraud. Although the mortgage made by defendant prior to the contracting of the debt sued upon, and not filed until shortly before this action was commenced, may have been fraudulent in law, or void as to creditors, it was not sufficient to sustain an attachment, unless it was in fact intended to defraud. Trebilcock v. Mining Co. (S. D.) 68 N. W. 330; Bank v. McMillan, (S. D.) 68 N. W. 537. It was given to secure a valid existing debt. There was no agreement or understanding between the parties that the mortgage should not be filed. Nothing in the conduct of defendant, so far as disclosed by the evidence, is inconsistent with honesty and good faith. The learned circuit judge, having all the evidence before him, and the advantage of observing defendant's manner under cross-examination, concluded that he was not guilty of any dishonest purpose. After a careful consideration of the record before us, we are not disposed to disturb its finding upon this question of fact. What has been said in relation to the mortgage applies with equal force to the exchange of live stock for land in North Dakota. Such exchange, if made in good faith for any honest purpose, was not ground for attachment. The order appealed from is affirmed.