## PECK v. TOLAND.

Amendments made in a respondent's supplemental abstract, and not controverted by appellant, will be acepted as true.

Plaintiff's affidavit for attachment, after stating the amount and nature of his claim, was as follows: "That your affiant is informed and verily believes the same to be true; that defendant has departed from this state with intent to defraud his creditors," etc. Plaintiff was a blind man, and in subsequent affidavits explained that he could not read and write, and had to accept the statements of others as to the amount of his claim. **Held,** that as the semicolon showed that the averments of information and belief had reference only to the amount of the claim, the affidavit was not insufficient in being made upon information and belief, without setting out the sources of the information and the grounds of belief.

To establish a fraudulent intent warranting an attachment, the intent need not be shown by direct evidence, but may be gathered from the circumstances, provided inferences of fraudulent intent are fairly warranted.

Under Code Civ. Proc. § 207, subsec.. 5, providing that an attachment may be issued upon an affidavit that a defendant has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, any of his property, with intent to defraud his creditors, proof of any one of the grounds mentioned is sufficient to support an attachment.

Upon a motion to dissolve an attachment as improvidently granted, evidence **held** to show that the defendant assigned or disposed of his property, with intent to defraud his creditors.

Claims by a defendant, who appealed from an order refusing to dissolve an attachment, that the attachment bond was insufficient

will not be considered on appeal, when not referred to or discussed in his brief.

(Opinion filed May 22, 1911.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Porter P. Peck against Frank J. Toland. From an order refusing to dissolve an attachment, defendant appeals. Affirmed.

*Grigsby & Grigsby,* for appellant. *Bates & Parliman,* for respondent.

CORSON, J. This is an appeal by the defendant from an order of the circuit court, made on the 8th day of December, 1909, overruling the motion of the defendant to dissolve an attachment.

On the 17th day of March, 1909, the plaintiff instituted an action in the circuit court of Minnehaha county to recover of the defendant the sum of $593.83, alleged to be due him for rent of certain premises in the city of Sioux Falls. At the time of instituting the action, the plaintiff, upon affidavit and bond, caused a writ of attachment to be issued against the property of the defendant, which was duly executed, and subsequently the defendant, on August 27, 1909, moved the court to vacate, set aside, and discharge the attachment on the following grounds: "(1) That the affidavit of Porter P. Peck, upon which said attachment was issued, does not state facts sufficient to authorize the issuing thereof. (2) That said affidavit is made upon information and belief of said affiant only. (3) That the allegations of said affidavit for attachment were and are false and untrue, and no grounds for said attachment at any time existed or now exist. (4) That no sufficient bond was given by plaintiff prior to the issuance of said writ." And in support of this motion filed affidavits on the part of the defendant.

The hearing was continued from time to time until September 27th, when supporting affidavits for the writ of attachment were served and filed by the plaintiff with certain portions of the testimony of the defendant, taken before a referee in bankruptcy at Sioux Falls on August 23, 1909, and rebutting affidavits of the defendant and one of the appellant's attorneys, to which were at-

tached certain letters, and upon the final hearing the order was made ,from which this appeal is taken.

The affidavits and evidence are very voluminous, and it will not be necessary to set them out in full in this opinion, but such portions of the same as we deem material will be referred to.

[1] Numerous amendments are made to the abstract by the plaintiff's counsel, and, as they are not specifically controverted by any supplemental abstract on the part of the appellant, they will, for the purposes of this appeal, be taken as correct. Hodges v. Bierlein, 4 S. D. 219, 56 N. W. 748; Grigsby v. Wolven, 20 S. D. 623, 108 N. W. 250; Omaha Rubber Shoe Co. v. Lead-Terry Merc. Co., 25 S. D. 124, 125 N. W. 637.

[2] It is contended by the appellant, first, that the affidavit for attachment was insufficient because made on information and belief only, and the sources of information and ground of belief are not stated in the affidavit. The plaintiff, after stating the amount and nature of his claim against the defendant, and the amount due and owing him, alleges, as appears in original abstract, "that your affiant is informed and verily believes the same to be true that defendant has departed from this state with intent to defraud his creditors and to avoid the service of a summons; has assigned, disposed of, and secreted, and is about to assign, dispose of, and secrete, his property with intent and effect of defrauding his creditors."

The original abstract is corrected by the additional abstract by inserting a semicolon after the words, "and verily believes the same to be true." By inserting the semicolon after the word "true," it is apparent that the allegation "that the defendant has departed from this state with intent to defraud his creditors and to avoid the service of a summons; has assigned, disposed of and secreted, and is about to assign, dispose of and secret his property with intent and effect of defrauding his creditors"—is a positive statement of the plaintiff, and not made upon information and belief.

The reasons why the affidavit as to the amount due was stated upon information and belief is explained by the plaintiff in his

subsequent affidavit as made by reason of the fact that he was and had been blind for three years prior to the making of the affidavit, and was unable to read and write, and therefore that he had to rely upon the statement of others as to the amount that was actually due. Taking the affidavit, therefore, with the explanation subsequently made by the plaintiff in the rebutting affidavit, we think there is no merit in the contention that that part of the affidavit stating the grounds for the attachment is upon information and belief.

It is further contended by the appellant that the attachment was improvidently issued, for the reason that the plaintiff failed to establish by a fair preponderance of the evidence that the defendant had disposed of or attempted to dispose of his property, with the specific intention of defrauding his creditors, and that the defendant departed from this state with the specific intention of avoiding service of a summons upon him.

[3] In Trebilcock v. Big Missouri Mining Co., 9 S. D. 206, 68 N. W. 330, this court, in discussing a similar question, says: "The intent to defraud must exist as a fact, and will not be sustained by the evidence of a constructive fraud, or fraud of law. 1 Wade, Attachm. § 96; 1 Shinn, Attachm. § 110. It will not be necessary to establish such fraudulent intent by direct evidence, but it may be gathered from the circumstances, provided inferences of a fraudulent intent are fairly warranted, and follow as a legal sequence of the facts proved. Ellison v. Berstein, 60 How. Prac. (N. Y.) 145; Struss v. Abrahams (C. C.) 32 Fed. 310; 1 Shinn, Attachm. § 115."

[4] It is provided by section 207 of the Rev. Code of Civ. Proc. that a warrant of attachment may be issued upon affidavit, stating that the defendant * * * (5) has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, any of his or its property," with intent to defraud his creditors. While several grounds are stated in the subdivision, it will be sufficient for the plaintiff to establish any one of the grounds stated. Strauss v. Abrahams, supra; Cole Mfg. Co., v. Jenkins, 47 Mo. App. 664; Tucker v. Frederick, 28 Mo. 574.

We are of the opinion that the allegation that the defendant departed from this state, with intent to avoid the service of a summons, is not sustained by the evidence; but we are of the opinion that the fact that the defendant had assigned or disposed of his property, with intent to defraud his creditors, is fairly supported by the evidence.

[5] It is disclosed by the evidence that in the winter of 1909 the defendant consulted with his attorney in regard to his financial condition, and was advised by the attorney to secure a sufficient sum from the banks at La Crosse, the city in which he had formerly resided, to pay off his debts, and, if not able to do so, that he had better raise money on his insurance policies for that purpose. And it is disclosed by the evidence of the defendant, taken before the referee in bankruptcy, that in March and April, 1909, he borrowed from the New York Life Insurance Company $5,713 upon his policies of insurance; that in 1908 he sold a school established by him in Nebraska for the sum of $1,075 and received two notes therefor; that these notes have not been collected, but that they are valuable, as they are secured by first mortgage. What has become of these notes does not clearly appear. He further says that during the preceding two years his business college at Sioux Falls had averaged him $6,000 per year income, and that at the time the warrant of attachment was levied it was a paying institution, paying 100 per cent. on the investment.

It will thus be seen that at about the time, or shortly prior to the levying of the warrant of attachment, he had assets, or should have had assets, amounting to upwards of $15,000. The defendant's explanation of what became of this amount of money is unsatisfactory. It is true he attempts to account for the disposition of this amount in various ways, not very credible to himself; but his statement as to the disposition of this amount of money does not seem sufficient to overcome the presumption that he was disposing of or concealing his property, in order to defraud his creditors; and the further fact that a short time prior to March 17, 1909, appellant wrote a letter to a Professor McKay in his college at Sioux Falls, in which he stated he was going to close out his

interest in Sioux Falls, and requested said MCKay to buy him out and offered to sell the school and all of the furniture and fixtures for $3,000, clearly indicates that he was attempting to dispose of his property; and, as he was indebted to the plaintiff and to a bank in Sioux Falls, it may be fairly inferred that such attempt to dispose of his property· was for the purpose of defrauding his creditors.

The defendant does not attempt to account for the $12,000 received by him from his Sioux Falls business college, and it is somewhat difficult to account for the disposition of so much property in so short a time by the defendant upon any theory, other than that it had been disposed of for the purpose of enabling him to go through the bankruptcy court, and thus defeat his creditors.

After a careful examination of the affidavits and evidence, we are of the opinion that the trial court was fully justified in overruling the motion of the defendant to discharge the attachment.

It may be proper to state that the defendant, in his schedule of indebtedness in bankruptcy proceedings, included the indebtedness due to the plaintiff as stated in plaintiff's affidavit, and it is in effect an admission by the defendant of the amount due as claimed by him.

[6] As the question as to the sufficiency of the bond on attachment has not been discussed or referred to in appellant's brief, we have not deemed it necessary to consider that question in this opinion.

The order of the circuit court, overruling the defendant's motion to discharge the attachment, is affirmed.

HANEY, J. I think there is such a conflict between the abstracts as requires an examination of the original record. It sustains respondent's contention regarding the form of the affidavit for attachment. This being so, I concur in the foregoing opinion, except as to the effect that should be given the additional abstract.