### PIPER v. WADE et ux.

Affidavits for defendant in attachment, traversing affidavits of purpose to remove property from the state with intent to defraud creditors, place the burden on plaintiff to show such intent.

Mere purpose to remove property from the state is not ground for attachment; intent to defraud creditors being essential.

(Opinion filed, October 19, 1911.)

Appeal from Circuit Court, Beadle County; Hon. ALVA E. TAYLOR, Judge.

Action by J. R. Piper against Charles H. Wade and wife. Judgment for plaintiff, and defendants appeal. Reversed, with directions.

O. S. Hagen, for appellants. A. W. Wilmarth, for respondent.

McCOY, J. A warrant of attachment was issued in this action upon an affidavit of plaintiff stating "that the defendants are about to leave the state of South Dakota, and are about to remove all their property from the state of South Dakota with intent of defrauding their creditors, particularly this plaintiff." Upon affidavits traversing and denying the said affidavit of plaintiff, defendants moved the court to discharge the said attachment. The defendants each positively denied that they ever intended to remove from the state, or intended to remove their property from the state with intent to defraud their creditors. The effect of these traversing affidavits was to cast upon plaintiff the burden of proving that defendants were about to remove from the state with intent to defraud their creditors. The only proof offered by plaintiff was the affidavit of one Minnie Grant, who by affidavit testified "that during the month of October, 1910, the defendant Lucy

A. Wade said to this affiant that she was going back to her old home in Illinois, and when she did she would say good-bye to this country, and also said to this affiant that as soon as her husband could finish the work he was doing and get settled up that he was also going back there and leave this country." The court denied the motion to discharge such attachment, and defendants appeal, assigning as error the said ruling of the court.

[1, 2] We are of the opinion the attachment proceedings should have been discharged. It is not sufficient to show that defendant, against whose property an attachment is sought, is about to remove from the state. The affidavit of Minnie Grant makes no reference whatever to the removal of defendants' property from the state. The gist of this ground for attachment is the removal of property from the state *with intent to defraud creditors.* There must be some facts or circumstances shown from which such intent may be inferred. A person might leave the state and take his property with him, and still have no intention of defrauding his creditors. He might leave the state and take his proprety with him with perfectly honest intentions.

The order appealed from is reversed, and the circuit court directed to discharge said attachment.