CATLETT, Appellant, v. EHRLER, Respondent.

(156 N. W. 81.)

(File No. 3852.    Opinion filed February 1, 1916.    Rehearing denied March 4, 1916.)

1.  **Attachment—Grounds—Burden of Proof.**

      The burden of proof is upon plaintiff to support the grounds of an attachment.

2.  **Attachment—Intent to Defraud—Transfer of Wife's Alleged Property—Failure to Disclose Facts—Dissolution of Attachment.**

      Where a debtor conveyed to his wife land which he claimed was purchased with her money, but which stood in his name, and also transferred to her and other members of his family practically his entire interest in an electric plant, for the construction of which he owed the plaintiff the debt sued for, in which plant he had invested a large sum of his own money, which transfers occurred after the controversy between the plaintiff and himself arose, and it appeared that he owned no visible unincumbered property, **held**, that plaintiff sustained the burden of proof to show that the defendant debtor had transferred a considerable portion of his property with actual intent to defraud his creditors, and that trial court erred in dissolving the attachment.

Appeal from Circuit Court, Spink County.    Hon. ALVA E. TAYLOR, Judge.

Action by J. W. Catlett, administrator of the estate of E. M. Pope, deceased, against George J. Ehrler, to recover money due

upon contract. From an order dissolving an attachment, plaintiff appeals. Order reversed.

*Case & Case,* for Appellant.

*Gardner & Churchill,* for Respondent.

(1) To point one of the opinion, Respondent cited: Piper v. Wade, 28 S. D. 196; Park v. Armstrong, 9 S. D. 269; Jones v. Meyer, 7 S. D. 152; Wyman v. Wilmarth, 1 S. D. 172; Trebilcock v. Mining Co., 9 S. D. 206; Park v. Armstrong, 9 S. D. 269.

(2) To point two of the opinion, Appellant cited: Rosenberg et al. v. Burnstein et al., 61 N. W. 684; First National Bank v. Anderson, (Minn.) 111 N. W. 947; Quebec Bank v. Carroll, 47 N. W. 397.

Respondent cited. First National Bank v. McMillan, 9 S. D. 227.

SMITH, J. Action to recover a balance alleged to be due upon a contract for the construction of an electric plant in the city of Conde. At the beginning of the action plaintiff caused an attachment to be levied upon the electric light plant, and also upon certain real estate which had been recently conveyed by defendant. This appeal is from an order dissolving the attachment. The writ of attachment was founded upon an allegation that defendant had assigned and disposed of his property with intent to defraud his creditors, and especially the plaintiff. The motion to dissolve was upon a specific denial that defendant had assigned or disposed of his property with intent to defraud his creditors. Defendant in his affidavit admits that he made transfers of a portion of his property to his wife, May Ehrler, but alleges that such property at all times belonged to her, though the title thereto stood in his name, having been so taken as a matter of convenience; that May Ehrler is his second wife; that he has two sons by his first wife, now deceased; that said transfers were made to the end that in case of his death his wife, May Ehrler, might not be deprived of property which belonged to her, by inheritance of the sons of property which stood in his name, but was not in fact his property. This affidavit at great length and with much minuteness discloses the sources from which May Ehrler obtained her property, accumulated in Pennington county, where defendant and his wife formerly resided; alleges that until about the month

of February, 1910, all of said property was owned by. and stood in the name of his wife, at which time her property both real and personal was disposed of, and as consideration therefor the property at Conde, S. D., was received, and for convenience the title thereto was taken in the name of affiant, her husband; that the entire consideration for said property was furnished and paid by the said May Ehrler; that the lot on which the plant of the Conde Light & Power Company was constructed was a part of the property belonging to May Ehrler; that pursuant to competent legal advice he transferred to his wife all of her property standing in his name except this lot; that pursuant to said advice the Conde Light & Power Company was incorporated, and this lot and the plant thereon transferred to said corporation. In opposition to the motion, plaintiff filed affidavits disclosing, among other things, that when the Conde Light & Power Company was incorporated, the defendant, Ehrler, caused to be issued to himself 138 shares of the capital stock of said corporation, to his son-in-law 10 shares, to his wife, May Ehrler, 1 share, and to his daughter 1 share; that on December 1, 1913, the defendant surrendered his shares of stock in said corporation, and caused 138 shares thereof to be issued to his wife, May Ehrler, to himself 1 share, to his daughter 1 share, and to his son-in-law 10 shares; that said persons are the only stockholders in said corporation; that on August 25, 1913, defendant conveyed to May Ehrler lots 16, 17, and 18, block 5, in the city of Conde; that a livery barn was situated on said lots, which burned February 3, 1913; that in March, 1913, the defendant made proofs of loss under policies of insurance on the property burned, in which he made oath that the property described in the policies was his property, and no other person or persons had any interest therein, and upon such proofs thereafter received $7,600 in cash from the insurers. It also appears from the affidavits submitted that the plaintiff completed the construction of the lightning plant in July, 1913; that the total contract price was $6,456, upon which the defendant paid $4,200. The action was to recover a balance of $2,506. It further appears that all of said conveyances occurred after the completion of said contract, and after plaintiff had demanded payment of the balance due, and had threatened suit against defendant.

38—Vol. 36, S. D.

[1] It is well settled that the burden of proof is upon plaintiff to support the grounds of an attachment. Piper v. Wade, 28 S. D. 196, 132 N. W. 786; Park v. Armstrong, 9 S. D. 269, 68 N. W. 739; Jones v. Meyer, 7 S. D. 152, 63 N. W. 773; Wyman v. Wilmarth, 1 S. D. 172, 46 N. W. 190; Trebilcock v. Mining Co., 9 S. D. 206, 68 N. W. 330. It is equally well settled that to sustain an attachment there must be proof of actual intent to defraud. Cases supra, and Peck v. Toland, 27 S. D. 406, 131 N. W. 402; German Bank v. Folds, 9 S. D. 295, 68 N. W. 747; Nat. Bank v. McMillan, 9 S. D. 227, 68 N. W. 537.

[2] The specific question presented upon this appeal is whether the transfers by defendant were made with actual intent to defraud his creditors. Respondent contends that all of such transfers were made with the sole intent to restore to his wife property which belonged to her, and that an absence of intent to defraud is disclosed by the undisputed evidence; and alleges, further, that the corporation to which the lighting plant was transferred, specifically assumed and agreed to pay all legitimate charges and bills incurred in the construction and operation of said plant. Defendant, Ehrler, in his affidavit, makes such a statement, but it is not shown that the deed by which the lot and plant were transferred to the corporation contained any such assumption of indebtedness, nor do the records of the corporation disclose any such fact. Defendant contends that he has made a full and complete disclosure of all the facts surrounding the transaction and inducing the transfer of such property, as he did in fact transfer. He has, however, failed to make any disclosure as to the disposition made of the $7,600 insurance money which he received, and has not attempted to explain the transfer of 138 shares of stock of the Condc Light & Power Company to his wife, in which plant he had invested at least $4,200 of his own money, which by transfers of the corporate stock became vested in his wife and other members of his family. In this transaction the defendant not only disposed of the lot on which the plant of the light and power company was located, and which he alleges was a part of the property of his wife, but also transferred practically his entire interest in the plant situated on the lot. It is not even hinted that the money he actually invested in the lighting plant ever belonged to his wife. The record further shows that whatever per-

sonal property defendant owned outside of the insurance money was incumbered by a chattel mortgage to his son-in-law.

If it be conceded that the defendant transferred to his wife property which belonged to her, but which stood in his name, to the end that she be restored to her own, yet the facts disclosed by the record show that as a part of the same transaction he also transferred to her other property to the value of several thousand dollars, to which she had no claim or right whatever; that over $7,000 which he received as insurance money remains unaccounted for or has wholly disappeared, so far as can be ascertained from the record before us; that he does not own any visible unincumbered property whatever; that these changes in his financial circumstances occurred after the controversy had arisen between himself and plaintiff, and threats of suit had been made to recover the alleged indebtedness.

Upon a careful consideration of these facts and of the entire record, we are of opinion that plaintiff did sustain the burden of proof resting on him to show that defendant had transferred at least a considerable portion of his property with actual intent to defraud his creditors, and that the trial court erred in dissolving the attachment.

The order of the trial court dissolving the attachment is therefore reversed.