FARMERS' AND MERCHANTS' STATE BANK of Hecla, Respondent, vs. MICHAEL, Appellant.

(157 N. W. 988.)

(File No. 3855.    Opinion filed May 20, 1916.)

**Attachment—Dissolution of Attachment—Grounds of Motion to Dissolve—Burden of Proof.**

Upon motion to dissolve an atachment, issued on affidavit that defendant has assigned and disposed of property, and is about to assign, dispose of and secrete his property, with intent to defraud creditors, held, in view of affidavits of defendant and his wife, each averring that the property in question was owned by the defendant's wife, that the defendant husband's name was inadvertently inserted in the deed as grantee, that said land was exchanged for certain real and personal property, which latter was the subject of the attachment, that it was agreed between defendant and his wife that the title to all

property received in said exchange should be taken in the name of the wife as her property; that immediately after said deed was received, and to carry out said agreement, the husband executed and delivered to his wife a warranty deed thereof and a bill of sale of all said personalty; that the wife was in possession thereof and exercising acts of ownership over the same, and that the transfer was made in good faith, and not for the purpose nor with intent to defraud, etc., creditors; defendant's affidavit further denying that he has assigned or disposed of his property with intent to defraud creditors; that, in the absence of any affidavits or other evidence in denial or rebuttal of the showing thus made, the trial court erred in refusing to dissolve the attachment; the effect of defendant's affidavits being to cast upon plaintiff the burden of proving facts constituting the alleged grounds of attachment.

Appeal from Circuit Court, Marshall County. HON. THOMAS L. BOUCK, Judge.

Action by Farmers' & Merchants' State Bank of Hecla against J. L. Michael. From an order denying defendant's motion to dissolve attachment, he appeals. Reversed, with directions.

See also 36 S. D. 172, 153 N. W. 1008.

*Amos M. Goodman,* and *Thomas L. Arnold,* for Appellant.

*Buell F. Jones,* for Respondent.

Appellant cited: Sioux Falls Brewing & Malting Co. v. Wood 105 N. W. 1134 (S. D.): Jones v. Hoefs et al 103 N. W. 751 (N. D.)

SMITH, J. Appeal from an order denying defendant's motion to dissolve an attachment. The writ was issued upon an affidavit alleging:

"That the above-named defendant has assigned and disposed of property, and is about to assign, dispose of, and secrete his property, with intent to defraud creditors."

The motion to dissolve was on the ground: First, that the affidavit does not state facts sufficient upon which to base the warrant of attachment; second, that the defendant has not assigned nor disposed of any of his property with intent to defraud his creditors, and that he is not about to assign or dispose or secrete any of his property with intent to defraud his creditors, or for any other purpose whatsoever. The first ground of motion, as discussed in appellant's brief, is that the attachment affidavit does not specify the grounds of the cause of action wherein the attach-

ment was sought. In view of the fact that the second ground of the motion must be held decisive of this appeal, we deem it unnecessary to consider the first. The motion was founded upon affidavits of the defendant J. L. Michael, and of his wife, Annie M. Michael, each averring substantially the same facts, viz., that at the time defendant became a resident of the state of South Dakota, the wife, Annie M. Michael, was the owner of real property in the state of Iowa, upon which she raised money to purchase land in Marshall county, S. D.; that the name of the husband, J L. Michael, was inadvertently inserted in the deed as grantee; that the land so purchased in Marshall county was occupied by herself and family as a homestead; that in the month of January, 1915, the Marshall county land was exchanged for certain real and personal property in the town of Amherst; that it was agreed that the title to all property received in said exchange should be taken in the name of Annie M. Michael as her own property; that when the exchange was finally completed the name of J. L. Michael, her husband, was inadvertently inserted in the deed as grantee; that immediately after said deed was received, and on the 26th of March, 1915, to carry out said agreement, the husband executed and delivered to his wife a warranty deed for the real property, and a bill of sale for all of the personal property; that at the time of said exchange Annie M. Michael immediately entered into and took possession of all of said property, both real and personal; and that her husband never, at any time, exercised any acts of ownership; that said transfer was made in good faith, and for the sole purpose of placing the legal title to said property in the person to whom it already belonged, and not for the purpose nor with the intent to hinder, delay, or defraud any of the creditors of said defendant. The defendant in his affidavit further specifically denies that he has assigned or disposed of any of his property with intent to defraud his creditors, or for any other purpose whatsoever, except as therein stated. As a part of the showing upon the motion, defendant offered with his affidavits the deeds and bill of sale referred to.

At the hearing plaintiff offered no affidavits or other evidence in denial or rebuttal of the showing made by defendant. The trial court erred in its refusal to dissolve the attachment. The affidavits of defendant positively denied the facts alleged in the

affidavit upon which the attachment was issued, and denied that defendant had made any transfer of property except as stated in the affidavits, which is averred to have been made in good faith, for a proper purpose, and with no intent to defraud creditors. The effect of these affidavits was to cast upon plaintiff the burden of proving facts constituting the alleged grounds of attachment. In the absence of such proof the attachment should have been dissolved. Piper v. Wade et ux., 28 S. D. 196, 132 N. W. 786; Catlett v. Ehrler, 36 S. D. 591, 156 N. W. 81, and cases cited.

The order of the trial court is reversed, with directions to the trial court to dissolve the attachment.