For Uniform Illegitimacy Act, see 9 U. L. A. 135.

---

GUARANTY STATE BANK OF SISSETON, Respondent, v. VARLAND, Appellant.

(207 N. W. 152.)

(File No. 5313. Opinion filed February 1, 1926.)

1. **Attachment—Burden of Proof—Evidence—Plaintiff Had Burden of Proving Grounds Denied by Defendant.**

    Defendant's delial that he was about to sell, transfer, or dispose of his property with intent to cheat, defraud, and delay plaintiff placed on plaintiff burden of proving such grounds of attachment by preponderance of evidence.

2. **Attachment—Evidence—Evidence Held not to Show that Defendant Did, or Threatened Any Act Constituting Fraud on Plaintiff Creditor.**

    Evidence held not to shaw that attachment defendant performed or threatened any specific act constituting fraud on plaintiff creditor, or intended to defraud him; practically entire proceeds of public sale of defendant's property having been assigned and paid to other good-faith creditors.

3. **Attachment—Evidence—Intent to Defraud Creditor Must Exist as Fact.**

    Intent of defendant to cheat, defraud, and delay plaintiff creditor must exist as a fact.

Appeal from Circuit Court, Roberts County; HON. B. A. WALTON, Judge.

Action by the Guaranty State Bank of Sisseton against H. A. Varland. From an order denying the motion to vacate attachment, defendant appeals. Reversed and remanded.          \

*J. W. Barrington,* of Sisseton, for Appellant.

*Jorgenson & Anderberg,* of Sisseton, for Respondent.

(1)   To point one of the opinion, Appellant cited:   Park v. Armstrong, 68 N. W. 739; Farmers and Merchants Bank v. Michael (S. D.), 157 N. W. 988; Wilcox v. Smith (S. D.), 55 N. W. 1107; Wyman v. Wilmarth (S. D.), 46 N. W. 190.

(2)   To point two, Appellant cited:   Ray v. Gore, 41 N. W. 329.

(3.)   To point three, Appellant cited:   Tribelcock v. Big Missouri Mining Co., 68 N. W. 339

BURCH, C.   Plaintiff commenced an action upon a promissory note not due to recover $340 and interest.   A warrant of attachment was issued, and levy made thereunder, upon an affidavit stating as grounds therefor "that the defendant is about to sell, transfer, and dispose of all his personal property, with 'intent to cheat, defraud, and delay the plaintiff.'"

On motion to vacate said attachment hearing was had, and the circuit court denied the motion, and from the order denying the motion to vacate the attachment this appeal is taken.

[1-3]   Defendant denied the grounds of attachment, thereby placing upon plaintiff the burden of proving the grounds by a preponderance of the evidence.   Wyman v. Wilmarth, 1 S. D. 172, 46 N. W. 190; Wilcox v. Smith, 4 S. D. 125, 55 N. W. 1107; Park v. Armstrong, 9 S. D. 269, 68 N. W. 739; Farmers' & Merchants' Bank v. Michael, 37 S. D. 276, 157 N. W. 988.   To support this burden plaintiff showed by affidavit, in substance, that N. C. Klein, cashier of plaintiff bank, learning that defendant intended to dispose of all his personal property and move to North Dakota, went to defendant, and asked him what he intended to do about paying plaintiff; that defendant said he was unable to pay the note of plaintiff, and did not intend to pay the same.   Being asked if the bank might have some one buy some of the property which was to be sold at public auction and apply the proceeds on the claim, defendant said plaintiff could not do so because his personal property would not be sufficient to pay his debts; and on

further inquiry said he would not be willing to prorate the proceeds with plaintiff and his other creditors, and that he would not be willing to turn over the proceeds of an automobile, for the purchase of which the note was given, because he did not intend to sell it, but intended to keep it for his own use; that thereafter defendant had a sale at which he disposed of all his personal property; that at the sale F. A. Carsten, an officer of plaintiff bank, purchased some grain, and the money due for this purchase is the property attached in this action; that, after the sale, the defendant stated to the deputy sheriff that the only way he could beat the claim of plaintiff was to take the "Nelson cure," meaning bankruptcy; that defendant realized $4,000 or $5,000 at this sale, but refused and failed to pay plaintiff's claim; and that, after the sale, he left and moved to North Dakota, and has no property within the state out of which the claim can be satisfied.

Defendant, to meet this showing, again denied the selling and disposing of his property with intent to defraud his creditors; stated that he was a married man with minor children; that he was indebted for large sums of money, to wit, $5,610 and interest to the Citizens' National Bank of Sisseton, and on other notes nearly $3,000 in hands of said bank; that in the fore part of September, 1922, he informed the officers of said bank that he desired to quit farming and sell his personal property, and requested the bank to advertise a public auction, conduct the same, and apply the proceeds on the indebtedness due them; that the sale was held on the farm occupied by defendant; that by agreement between the Citizens' National Bank and defendant the said bank collected the proceeds of the sale and applied the proceeds to the indebtedness due the said bank, except the money attached in this action; that defendant believed it was for the best interests of his creditors and himself to sell the property and discontinue farming, and the property was sold in good faith for the purpose of paying his debts; that before the sale he called at plaintiff bank and informed the cashier that it was impossible for him to pay all of his indebtedness, and offered to pay the interest upon what he owed them, and to turn over a second hand automobile to apply on the indebtedness and, upon that being refused, he offered the bank $100 to apply on the principal and interest, provided it would extend the balance of the debt one year, which the bank refused.

Defendant attached to his affidavit an itemized statement showing the proceeds of the sale and the disposition thereof. The entire proceeds amounted to $4,343.79. Out of this he retained $100 for clothing, house rent, and fuel for his family; paid to the Citizens' National Bank $2,610; on a note to Mrs. Samson and Mrs. Sarah Johnson he paid $600; and paid numerous small amounts and expenses of the sale, all of which amounted to the total received at said sale, and left unpaid indebtedness to the Citizens' National Bank and other large sums which he could not pay therefrom.

From the foregoing facts it does not appear that defendant performed any specific act which would constitute a fraud upon his creditors, or any one of them, or that he threatened any such act. None of the evidence shows an intent to defraud his creditors. The most that can be said is that it shows a preference. The sale was public and well advertised. The proceeds of the sale were assigned to creditors and paid to such creditors, except $100 used by defendant for clothing, house rent, and fuel for his family. The intent to defraud must exist as a fact. Trebilcock v. Big Missouri Mining Co., 9 S. D. 206, 68 N. W. 330; Park v. Armstrong, 9 S. D. 269, 68 N. W. 739. It is argued that defendant's expression, made after the attachment, that the only way he could "beat" plaintiff would be to take bankruptcy was evidence of his secret intent to cheat plaintiff. It is just as logical to say that the use of the word "beat" referred to dissolving the attachment as the property had then been attached. His actions belie any intent to cheat his creditors generally, and none of his acts did cheat plaintiff. The payment of other good-faith creditors was not a fraud on plaintiff. The learned trial court erred in refusing to vacate the attachment.

The order of the circuit court is reversed, and the cause remanded for further proceedings in harmony with this opinion.

Note.—Reported in 207 N. W. 152. See, Headnote (1), American Key-Numbered Digest, Attachment, Key-No. 47(4), 6 C. J. Sec. 1048; (2) Attachment, Key-No. 47(4), 6 C. J. Sec. 1051; (3) Attachment, Key-No. 40, 6 C. J. Sec. 68.